IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MICHAEL GABLE,

                Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                Defendant.

OPINION AND ORDER

20-cv-375-slc

_____

Plaintiff Michael Gable seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration,[1] denying his claim for supplemental security income (SSI) under the Social Security Act. 42 U.S.C. § 405(g). Gable contends that the administrative law judge (ALJ) who denied his claim erred by: (1) improperly relying on the state agency physicians' opinions that Gable could perform light work; (2) not giving greater weight to the work-preclusive limitations assessed by Gable's treating advanced practice nurse practitioner (APNP); and (3) making a flawed finding regarding Gable's subjective complaints. Because I am not persuaded that the issues raised by Gable warrant remand, I am affirming the Commissioner's decision.

**FACTS**

The following facts are drawn from the Administrative Record (AR), filed with the Commissioner's answer in this case:

---

[1] Kilolo Kijakazi has replaced Andrew Saul as the head of SSA. I have amended the case caption accordingly.

1

On August 19, 2015, Gable filed an application for a period of disability beginning on August 18, 2015, when he was 40 years old. AR 953, 962. After Gable's applications were denied initially and on reconsideration, ALJ Bill Laskaris held a video administrative hearing on July 2, 2019, at which Gable and a vocational expert (VE) testified. AR 953. Gable was represented by counsel. *Id.* The ALJ issued a written decision on July 18, 2019, finding that Gable was not disabled. AR 963.

The ALJ determined that even though Gable was severely impaired by degenerative disc disease, he retained the residual functional capacity (RFC) to perform a reduced range of light work limited to: never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs; occasionally balancing, stooping, crouching, kneeling, and crawling; frequently reaching overhead on the right and reaching in all other directions bilaterally; frequently handling objects on the right (gross manipulation); frequently fingering on the right (fine manipulation of items no smaller than a paperclip); avoiding concentrated exposure to extreme cold, heat, wetness, humidity, and frequent vibration; avoiding all use or exposure to moving machinery, unprotected heights, and hazards; and performing only simple, routine, and repetitive tasks. AR 955-58.

Relying on the testimony of the VE, the ALJ found that despite Gable's limitations, he could still perform the representative jobs of sales attendant, storage facility rental clerk, and routing clerk in the national economy. AR 962-63. After the Appeals Council denied Gable's appeal, Gable filed his appeal in this court.

**OPINION**

In reviewing an ALJ's decision, the court must determine whether the decision is supported by "substantial evidence," meaning "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154 (2019) (citations omitted). This deferential standard of review means that the court does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. Apr. 14, 2021) (quoting *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019)). We also do not "scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the administrative law judge must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted); *see also Deborah M.*, 994 F.3d at 788 ("an ALJ doesn't need to address every piece of evidence, but he or she can't ignore a line of evidence supporting a finding of disability"); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) ("[T]he ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.").

Gable challenges the ALJ's decision on three grounds. He argues that the ALJ erred by: (1) relying on the opinions of the state agency consulting physicians; (2) not giving greater weight to the limitations assessed by his treating APNP; and (3) not properly evaluating his subjective symptoms.

## I.  State Agency Physician Opinions

In reaching his decision, the ALJ evaluated the assessments provided by state agency reviewing consultants Dr. George Walcott (initial level of review on August 23, 2016) and Dr. Laura Rosch (reconsideration level of review on February 27, 2017). AR 960 (citing AR 1063-64, 1076-78). Dr. Walcott opined that Gable could perform the requirements of light work: lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours, and sit 6 hours in an 8-hour workday. AR 1063-64. Dr. Rosch agreed with Dr. Walcott but added restrictions for occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing ladders, ropes, or scaffolds; frequent overhead reaching; no concentrated exposure to various environmental conditions; and no exposure to unprotected heights and hazardous machinery. AR 1077-78. The ALJ found the opinions of the state agency consultants "somewhat persuasive because they are based on a review of the medical evidence and support[ed] by the treatment notes available at the time of the opinions."[2] AR 960. He adopted all of Dr. Rosch's limitations and also added restrictions for frequent gross and fine manipulation and non-overhead reaching and simple, routine, and repetitive tasks. AR 957-58.

Citing a rescinded Social Security Ruling (SSR) and unpublished district court decisions from outside this circuit, Gable contends that the ALJ reliance on the opinions of Drs. Walcott and Rosch is suspect because neither physician provided sufficient explanation for their conclusions. *See, e.g.*, SSR 96-6p (rescinded Mar. 27, 2017) ("[T]he opinions of State agency medical and psychological consultants and other program physicians and psychologists can be

---

[2] The consulting physicians reviewed medical records obtained through July 13, 2016. AR 1057, 1070.

given weight only insofar as they are supported by evidence in the case record, considering such factors as the . . . explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist.")[3]; *Higgins v. Colvin*, 2016 WL 5955762, at *15 (M.D. Pa. Sept. 21, 2016) (quoting SSR 96-6p).  Although the parties debate whether SSR 96-6p applies to Gable's claim, which was filed before the ruling was rescinded, that dispute is immaterial because the applicable regulations contain similar language with respect to factors an ALJ must consider in evaluating the opinions of state agency consulting physicians.

       The regulations make clear that opinions of state agency medical consultants can serve as substantial evidence supporting the ALJ's decision.  *See* 20 C.F.R. § 416.913a(b)(1) (state-agency consultants are "highly qualified and experts in Social Security disability evaluation"); 20 C.F.R. § 416.927(c)(6) ("[T]he amount of understanding of our disability programs and their evidentiary requirements that a medical source has" is relevant factor in weighing medical source opinion).  These opinions are even more significant in cases like this one, in which no treating or other physician has offered an opinion.  *See Keys v. Berryhill*, 679 Fed. App'x 477, 478 (7th Cir. 2017) (affirming ALJ's reliance on state agency medical consultants' opinions where "no treating or other physician offered an opinion").

       As the Commissioner points out, the regulations set forth detailed rules for evaluating medical opinions about an individual's impairment offered by medical sources, including the medical opinions of non-examining state agency consultants.  *See* 20 C.F.R. §§ 416.913a and

---

[3] SSR 17-2p, which replaced SSR 96-6p, does not contain the same language about explanations in state agency consultant opinions.

416.927(e). Under 20 C.F.R. § 416.927(c), the ALJ has a duty to explain his reasons for assigning a specific evidentiary weight to the consultants' opinions and to support his findings with substantial evidence in the record. Among the factors that the ALJ may consider are whether the medical source presented relevant evidence and an explanation for the opinion and the consistency of the opinion with the record as a whole. § 416.927(c)(3)-(4). Other factors include the length, frequency, nature, and extent of the treatment relationship and specialization. § 416.927(c)(1)-(6). The ALJ need not explicitly discuss every factor. *See Elder v. Astrue*, 529 F.3d 408, 415-16 (7th Cir. 2008) (affirming denial of benefits even though ALJ discussed only two regulatory factors).

Gable generally criticizes the state agency physician opinions for not being well-explained. This criticism is unwarranted. Both Drs. Walcott and Rosh reviewed the record and stated that their findings were supported by the medical evidence, including Gable's MRI results and physical examination findings. AR 1064, 1078. In his decision, the ALJ thoroughly reviewed the medical findings related to Gable's degenerative disc disease, including his physical examinations between September 2015 and March 2019, MRI results from 2015 and 2016, x-rays from 2016 and 2019, and other test results. AR 958-60. The ALJ acknowledged that Gable at times had an antalgic (pain-altered) gait, tenderness, and a moderate reduction in range of motion and that his MRIs showed disc bulging and a small herniation with bulging and a tear in his spinal discs. AR 958-59. However, the ALJ found that Gable's examinations yielded other normal (or almost normal) observations, including a normal gait, mild reduction in range of motion, normal strength, normal sensory examination, and normal reflexes. AR 959. In addition, Gable's cervical and thoracic spine x-rays were normal, his MRIs showed no significant

neural compression, and his nerve conduction study/EMG of the right upper extremity was normal. AR 959-60. Finally, the ALJ pointed out that Gable had received only conservative treatment—including SI joint and trigger point injections, sacroiliac blocks, pain medication, and physical therapy—which offered him some relief. AR 960-61.

Gable argues that the ALJ cited only minimal findings to contradict the evidence supportive of Gable's reported pain and limitations. But "[a]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Kasberger v. Astrue*, 2007 WL 1849450, at *4 (7th Cir. June 27, 2007). Here, the ALJ could have reasonably credited the findings supportive of Gable's symptoms while discounting their purported severity or frequency and then determined that the contradictory findings were more persuasive. As the Seventh Circuit has made clear, "the resolution of competing arguments based on the record is for the ALJ, not the court." *Matthews v. Saul*, 833 Fed. App'x 432, 436-37 (7th Cir. 2020) (quoting *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002)); *see also L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) ("Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'") (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)). Therefore, even if the evidence could have supported additional limitations in this case, Gable has not shown that the record evidence required the ALJ to draw a different conclusion. *See Matthews*, 833 Fed. App'x at 36.

Finally, Gable argues that the state agency consultant opinions are suspect because the record shows that his condition worsened in 2017, after the state agency consultants reviewed Gable's medical record. In support of his contention, Gable cites progress notes from January

7

24, 2017; March 21, May 16, and September 18, 2018; and March 13, 2019. These notes document Gable's continuing complaints of persistent, severe pain in his back, neck, right arm and leg, as well as new reports of numbness and weakness in his fingers. AR 1370, 1375, 1398, 1513, and 1634. However, Gable fails to meet his burden of explaining how any of this specific evidence could have altered the consultants' opinions and the ALJ's decision. *See Keys*, 679 Fed. App'x at 481 (placing burden on claimant). The ALJ considered all of the above evidence and accurately noted that even though Gable continued to report severe and sometimes worsening pain in 2018 and 2019, his problems were stable and he did not exhibit any significant findings or limitations during his physical examinations. AR 959. As discussed further below, the ALJ also provided good reasons for finding Gable's subjective symptoms not entirely supported by the record. Further, the ALJ added restrictions to frequent handling, fingering, and non-overhead reaching, presumably to account for Gable's reported finger weakness and numbness and arm pain.

Given the evidence of record, the ALJ reasonably the ALJ concluded that the opinions of Drs. Walcott and Rosch were consistent with the medical evidence that they had reviewed and constituted substantial evidence on which to base his RFC assessment.

## II.  APNP Cristina Custer

Under the regulations applicable to Gable's claim, an ALJ cannot give controlling weight to Custer's opinion because a nurse practitioner is not considered a treating source or an acceptable medical source. *See* 20 C.F.R. § 416.902(a)(7) (APNP is acceptable medical source only for claims filed after Mar. 27, 2017); 20 C.F.R. § 416.927(a) (treating source must be

acceptable medical source); *Turner v. Astrue*, 390 F. App'x. 581, 586 (7th Cir. 2010); *Schmitz v. Berryhill*, No. 16-cv-371, 2017 WL 605325, at *1 (W.D. Wis. Feb. 15, 2017); SSR 06-03p.[4] However, as with the state agency consultant opinions, the ALJ has a duty to explain his reasons for assigning a specific evidentiary weight to Custer's opinion and to support his findings with substantial evidence in the record, using the factors set forth in the regulations. *See Lareau v. Colvin*, No. 14-cv-611, 2015 WL 4509131, at *6 (W.D. Wis. July 24, 2015); 20 C.F.R. § 416.927(c); SSR 06-03p.

In a May 2019 work capacity questionnaire, Custer stated that Gable was unable to work physically without significant rest periods, would be off task more than 30% of the work day, and was likely to be absent from work or unable to complete an 8-hour work day for 5 or more days a week as a result of his physical and/or mental impairments and his need for ongoing and periodic medical treatment to care for them. AR 1522. She also stated that Gable was limited to occasionally lifting and carrying less than 10 pounds, changing positions frequently, resting in a supine position every three hours, shifting positions at will, taking unscheduled breaks, and elevating his legs during an 8-hour work day. AR 1522-23.

Gable is correct that the ALJ's consideration of Custer's opinion is somewhat superficial and conclusory: "The undersigned does not find Nurse Custer's opinion persuasive because it is not supported by the claimant's treatment notes and inconsistent with the record as a whole." AR 960. However, when viewed as a whole, the ALJ's decision provides sound reasons to discount Custer's opinion. *See Deloney v. Saul*, 840 Fed. App'x 1,5 (7th Cir. 2020) (finding

---

[4] SSR 06-03p has been rescinded but applies to all claims, like Gable's, that were *filed* before March 27, 2017. *See* https://www.federalregister.gov/documents/2017/03/27/2017-05958/rescission-of-social-security-rulings-96-2p-96-5p-and-06-3p (visited Sept. 1, 2021).

"additional evidence" cited by ALJ "elsewhere in his decision" adequately explained why he discounted treating physician opinion for being inconsistent with record); *Buckhanon ex rel. J.H. v. Astrue*, 368 Fed. App'x 674, 678-79 (7th Cir. 2010) ("[W]e read the ALJ's decision as a whole and with common sense."). As discussed above, the ALJ explained throughout his decision why the evidence did not support Custer's assessment of such extreme limitations for Gable. AR 958-61. He cited Gable's conservative treatment and multiple findings of normal strength, reflexes, senses, gait, and range of motion on examination. *Id.* Further, Custer offered little explanation or support for the significant limitations she assessed for plaintiff, citing only his self reports of pain, which the ALJ found not entirely supported by the record. AR 1516-17.

Therefore, the court concludes that the ALJ applied the proper analytical framework in evaluating Custer's opinion and adequately explained his findings regarding the supportabilitiy and consistency of her opinion.[5]

## III. Subjective Complaints

In assessing a claimant's subjective symptoms, an ALJ must consider whether a claimant's statements about his symptoms can "reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). The regulations instruct the ALJ to consider several factors to evaluate how the claimant's symptoms limit his capacity for work, including his daily activities, severity of symptoms, aggravating factors, medications, treatment, and other relevant restrictions. 20 C.F.R. § 404.1529(c).

---

[5] Gable does not develop an argument that any of the other regulatory factors would alter or undermine the ALJ's analysis.

The ALJ's findings are entitled to great deference, and they should be upheld unless patently wrong. *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017). An ALJ is only required to give reasons sufficient to provide a fair sense of how the ALJ assessed plaintiff's testimony and statements. Social Security Ruling (SSR) 16-3p. Moreover, the ALJ does not need to explain why each of the claimant's statements deserved little weight. *Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012). The court reads the decision as a whole to determine whether the ALJ adequately supported the subjective-symptom evaluation. *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2014). Not all of the ALJ's reasons have to be sound as long as enough of them are. *Halsell v. Astrue*, 357 Fed. Appx. 717, 722-723 (7th Cir. 2009).

The ALJ noted in his decision that Gable testified at the hearing that he experiences back pain that interferes with his functional abilities, takes over the counter medication to treat his pain, lies down periodically during the day, naps two hours a day, and uses a cane for standing, walking, and ambulation. AR 958, 983-84, 987. Gable also reported in a function report on April 19, 2016, that he had difficulties lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, completing tasks, and using his hands due to constant pain. AR 958, 1254-61.

Gable vaguely contends that the ALJ's evaluation of his subjective symptoms was deficient because the ALJ merely summarized the record and did not analyze how Gable's symptoms were or were not "related to the record." Dkt. 20 at 32. The ALJ devoted a significant portion of his decision to reviewing Gable's physical examination findings, imaging and testing, and various treatments, including medications, injections, and physical therapy. AR 958-60. The ALJ concluded that even though the objective evidence showed some

11

abnormalities, the imaging and testing did not reveal significant problems; further, multiple progress notes reported Gable's normal strength, reflexes, senses and gait, as well as normal or mildly reduced range of notion. *Id.* Contrary to Gable's suggestion, the ALJ was not required to discuss every piece of evidence or specify which of Gable's statements were not credible. *Shideler*, 688 F.3d at 312 ("[A]n ALJ's credibility findings need not specify which statements were not credible."); *Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir. 2003).

Here, the ALJ satisfied his minimal duty to articulate his reasons and make a bridge between the evidence and his subjective-symptom determination. *See Schreiber v. Colvin*, 519 F. App'x 951, 961-62 (7th Cir. 2013) (outlining duty and finding same). He discussed several reasons why he found that Gable's allegations of disabling symptoms "should be deemed to be not entirely supported," including:

- Gable's daily activities.[6]

- Although Gable occasionally uses a cane, it is not prescribed by a doctor.

- Gable has received only routine and conservative treatment for his pain.

- There are no treating or examining physician opinions stating that Gable is disabled.

- Gable worked only sporadically before his alleged onset date, which casts doubt on whether his continuing unemployment is due to his medical impairments.[7]

---

[6] Neither the parties nor the ALJ discuss Gable's specific activities, but the state agency consultants noted that Gable cared for his six-year old son, prepares simple meals, does laundry, sweeps, drives, and shops. *E.g.*, AR 1062, 1073.

[7] "Infrequent employment before the onset date can suggest, in some circumstances, a disinclination to work rather than a disability." *Richards v. Berryhill*, 743 Fed. App'x 26, 30 (7th Cir. 2018).

- There are no recent treatment records showing the current state of Gable's condition or supporting his allegations of disabling symptoms.

AR 960-61.

Gable did not challenge any of these specific findings, and substantial evidence supports them. Therefore, the ALJ's evaluation of Gable's subjective symptoms is not patently wrong.

In sum, I find that the ALJ adequately assessed the record, and substantial evidence supports his conclusions. Accordingly, I will affirm the Commissioner's decision denying benefits.

**ORDER**

IT IS ORDERED that the that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denying plaintiff Michael Gable's application for disability benefits, is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 21st day of September, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge